STRINGER, Judge.
M.E.S. challenges his adjudication of delinquency for grand theft. M.E.S. alleges error in the trial court’s denial of his motion to suppress evidence seized incident to his stop and detention. We reverse.
At the suppression hearing, Deputy Broomhead, a Lee County deputy sheriff, testified that he responded to a BOLO (be on the lookout) concerning a stolen Schwann’s ice cream truck. He sighted the truck at an intersection in Bonita Springs and noticed M.E.S. walk from behind the truck. The deputy testified that no more than ten minutes had passed between the time the truck was reported *539 stolen and when he spotted the truck. The deputy walked up to M.E.S. and asked him if he knew anything about the truck. It appears from the record that M.E.S. did not directly respond to the question but instead stated he had been going to a friend’s house and realized that he had walked up to the wrong house. The deputy suspected M.E.S. was involved in the theft due to his close proximity to the truck and his stated reason for being in the area.
Shortly thereafter, two other deputy sheriffs arrived at the scene with the driver of the ice cream truck. Deputy Perry watched M.E.S. while Deputy Broomhead talked with the victim. At the hearing, Deputy Perry testified that M.E.S. was not free to leave. Deputy Perry asked M.E.S. if he would mind if he patted him down, and M.E.S. said, “No, all I have is money and keys.” Deputy Perry then patted down M.E.S.’s right front pocket and felt a bulge, which felt like keys. The deputy then inquired about the bulge, and M.E.S. stated that the bulge was his keys. M.E.S. reached into his pocket and took out the keys. M.E.S. then handed the keys to the deputy who, instead of giving them back to M.E.S., placed them on the trunk of Deputy Broomhead’s police car. Ten to twenty minutes later, Deputy Perry gave the keys to another deputy to show to the victim. The victim identified the keys and drove away in the truck using the keys. M.E.S. was then arrested and charged with grand theft.
Regardless of whether the initial encounter in this case was consensual, the facts show that the encounter quickly transformed into an investigatory detention. Section 901.151(2), Florida Statutes (1999), authorizes an officer to conduct a brief investigatory detention to ascertain the identity of the person detained and the circumstances surrounding that person’s presence at the scene if he or she has a reasonable suspicion that the person has committed, is committing, or is about to commit a criminal offense. See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The determination of reasonable suspicion “must be based on common sense judgments and inferences about human behavior.” Illinois v. Wardlow, 528 U.S. 119, 125, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).
In this case, the facts show that the deputy spotted M.E.S. walking from behind the truck not more than ten minutes after it had been reported stolen. Additionally, M.E.S. gave a suspicious explanation as to why he was in the neighborhood. These circumstances justified a temporary detention to determine M.E.S.’s identity and the circumstances surrounding his presence in the area.
We next address the actions of the deputy in taking the keys in M.E.S.’s possession and placing them on the trunk of a police car and subsequently handing them to another deputy. We note that M.E.S. consented to the pat-down search and voluntarily handed the keys to the deputy. See generally Watts v. State, 788 So.2d 1040 (Fla. 2d DCA 2001) (holding that an officer does not need a reasonable or founded suspicion of criminal activity or a reasonable belief that the defendant is armed before the officer requests consent to search). However, we find that the deputy’s act of placing the keys on the trunk of the police car and giving them to another deputy exceeded the scope of M.E.S.’s consent in handing the keys to the deputy. The record reflects that M.E.S. neither authorized the deputy to place the keys on the trunk of the police car nor authorized him to hand them to another deputy. Section 901.151 “neither contemplates nor approves the seizure of goods without probable cause.” In the *540 Interest of G.A.R., 387 So.2d 404, 409 (Fla. 4th DCA 1980).
We recognize that the seizure of contraband in plain view is authorized where the officers have a lawful right of access to the object seized, and the incriminating nature of the object is immediately apparent. See Jones v. State, 648 So.2d 669 (Fla.1994). However, under the circumstances of this case, we find that the incriminating character of the keys was not immediately apparent. In fact, Deputy Perry testified that he was not concerned about the keys when he placed them on the trunk of the police car.
Accordingly, we vacate M.E.S.’s adjudication of delinquency and remand for further proceedings.
Reversed and remanded for further proceedings.
BLUE, C.J., and DAVIS, J., concur.