830 So.2d 955 (2002)
Erick L. SLAUGHTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2447.
District Court of Appeal of Florida, First District.
November 25, 2002.
*956 Nancy A. Daniels, Public Defender; David A. Davis, Assistant Public Defender, and John Grady, Legal Intern, Tallahassee, for Appellant.
Richard E. Doran, Attorney General; Kenneth D. Pratt, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal from a judgment and sentence imposed pursuant to a plea bargain in which the appellant specifically reserved the right to appeal the trial court's denial of his dispositive motion to suppress, which he filed in an effort to suppress evidence stemming from an unconstitutional search and seizure. We conclude that the search of the appellant was constitutional, but that the seizure of his property was not. Because we agree that the motion to suppress is dispositive, and because we conclude that the motion to suppress should have been granted, we reverse the appellant's convictions.
After a jewelry store in a mall was robbed, the appellant, who was walking through a neighboring department store, was identified to an investigating officer as someone who fit the known description of one of the suspects. Based on this tip, three police officers began following the appellant. The appellant noticed that he was being followed, and he began a slow and obviously evasive retreat through the mall. Eventually, the officers approached the appellant and he voluntarily agreed to accompany the officers, in handcuffs, to a "show up" at the jewelry store in order to clear himself as a suspect in the robbery. At that time, a police officer frisked the appellant and found a set of rental car keys. The officer kept the keys, which eventually led to the appellant's arrest for unrelated criminal offenses.
The appellant challenged both his initial detention and the seizure of his car keys as an illegal search and seizure unsupported by probable cause and moved to suppress as fruit of the poisonous tree any and all evidence following the retention of his *957 keys. When the trial court denied his motion, the appellant and the state entered into a plea agreement wherein the appellant pled no contest to the charges, but specifically reserved the right to appeal the dispositive issue of the trial court's summary denial of his motion to suppress. This appeal ensued.
The lower court's ruling on a motion to suppress evidence presents a mixed question of law and fact. See State v. Baldwin, 686 So.2d 682, 684 (Fla. 1st DCA 1996), citing United States v. Harris, 928 F.2d 1113, 1115-16 (11th Cir.1991). Therefore, two standards of review arise. A trial court's factual findings come to an appellate court clothed with a presumption of correctness and should be affirmed if supported by competent, substantial evidence, while a trial court's application of law to fact is subject to de novo review. Id.
The appellant first challenges his initial detention. However, the jewelry store robbery was still being actively investigated when the appellant was identified as a possible suspect, the appellant's clothes did match the description of how one of the suspects was dressed, and the appellant played a slow and winding cat and mouse game in an obvious effort to avoid the officers who were clearly interested in talking with him. We agree with the state's assertion and the trial court's finding that the totality of these circumstances created well-founded reasonable suspicion based on articulable facts sufficient to detain the appellant long enough to determine whether he had any involvement in the robbery. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Popple v. State, 626 So.2d 185, 186 (Fla.1993); § 901.151, Fla. Stat. (2000). Thus, the appellant's initial detention was not illegal.
That fact notwithstanding, the state argued and the trial court found that the officers had the legal right to continue to detain the appellant even after he had been cleared as a suspect in the robbery because of his evasive behavior and less than forthcoming responses regarding the rental car keys. The trial court also found that the retention of the appellant's keys was justified. We disagree with both findings. Because the police only had reasonable suspicion and not probable cause, any detention beyond the point in time when the officers were satisfied that the appellant was not involved in the robbery was improper. We find that the appellant's actions gave rise to no more than mere suspicion that perhaps the appellant was involved in some unknown nefarious dealing. Mere suspicion is not enough to support a stop. The officer must have reasonable suspicion that is based on articulable facts in order to legally detain a citizen. See Popple v. State, 626 So.2d 185, 186 (Fla.1993).
Because the officers only had reasonable suspicion to investigate the appellant's possible involvement in the robbery, we find that the officer exceeded the scope of his constitutional authority when he seized the appellant's keys because the officer did not have a warrant and because the keys were not immediately recognizable as evidence of any crime. See, e.g., M.E.S. v. State, 804 So.2d 537 (Fla. 2d DCA 2002). The state argues that the officer's retention of the appellant's keys was supported by reasonable suspicion which was created when the appellant failed to adequately answer the questions asked by the officer regarding the keys. However, the state does not posit that the officers had probable cause to believe that the appellant was involved in any crime, and the officers did not have a warrant. The state does not argue that any of the exceptions to the warrant requirement apply, and we find as a matter of law that *958 none of the exceptions did apply. See Jones v. State, 648 So.2d 669, 676 (Fla. 1994). Because the seizure of the keys does not fall within any exception to the warrant requirement, the warrantless seizure thereof was unconstitutional. Accordingly, the appellant's motion to suppress should have been granted. Because the motion to suppress is dispositive, we reverse the appellant's convictions and remand for discharge.
REVERSED.
MINER, KAHN and WEBSTER, JJ., CONCUR.