ALLEN, J.
The appellant in this direct criminal appeal challenges his convictions for trafficking in cocaine and possession of cocaine, arguing that the trial court erred in denying his motion to suppress evidence. Because the search leading to the discovery of the cocaine occurred after a traffic stop had been completed, and because a factual finding of the trial court precludes a determination that the search grew out of a voluntary citizen encounter following the traffic stop, we reverse the appellant’s convictions and remand this case to the trial court with directions that the appellant be discharged.
Considering the testimony presented at the suppression hearing in the light most favorable to the prosecution and consistent with the trial court’s findings, the material facts in this case are as follows: The appellant was driving his automobile when he was pulled over by Deputy Cheshire for crossing over a solid line and onto the shoulder of the road. After the deputy had the appellant step out of his vehicle, he asked the appellant some questions. Having received satisfactory answers to his inquiries, the deputy issued the appellant a warning citation for failure to maintain a single lane. At that time, the deputy considered the traffic stop and his investigation to be complete.
While the appellant was being handed his citation, however, Deputy McDaniel arrived at the scene with a dog trained to conduct drug searches. After the appellant had already received his citation, Deputy McDaniel initiated further questioning of the appellant. The two deputies thereafter conferred and determined that there was an inconsistency in the appellant’s answers to questions. Deputy McDaniel then walked to his vehicle, retrieved the dog, and led the dog to the appellant’s automobile where the dog performed an external sniff of the automobile and alerted. This ultimately led to the discovery of cocaine inside the automobile and to the appellant’s arrest.
The trial court found that a reasonable person in the appellant’s position would not have considered himself free to leave after the warning citation was issued. But the court nonetheless concluded that the continued detention of the appellant beyond the issuance of the citation was appropriate because the relevant events taking place between the delivery of the citation and the dog’s alerting beside the appellant’s automobile all occurred “at almost the same instant.”
Absent additional evidence of criminal activity, a person who has been stopped for a traffic violation may not be detained for a period longer than is necessary to write the traffic citation. Cresswell v. State, 564 So.2d 480 (Fla.1990). Although the deputies in the present case had no basis for suspecting criminal activity when the citation was delivered to the appellant, he was detained for an additional period of time. Nevertheless, the trial court found that the detention did not violate the Cresswell principle because all the events from the delivery of the citation to the appellant through the dog alerting be *1141 side the appellant’s automobile took place “at almost the same instant.”
A trial court’s factual findings in conjunction with a motion to suppress will be accepted on appeal if supported by competent, substantial evidence. Slaughter v. State, 830 So.2d 955 (Fla. 1st DCA 2002). The trial court’s finding in the present case that all relevant events occurred “at almost the same instant” is not supported by competent, substantial evidence. The only direct testimony as to the amount of time required for the critical events to play out was Deputy McDaniel’s estimate that the events transpired over a period of approximately ten minutes, and no other evidence in the case suggests that they occurred in a substantially shorter period of time. Indeed, it would have been physically impossible for the events to have occurred “at almost the same instant.” The continued detention of the appellant beyond the point at which the citation was delivered to him was therefore illegal.
The appellee argues that even if the trial court was in error in concluding that the deputies’ extended detention of the appellant was appropriate, the search could still be upheld as the product of a consensual encounter between the appellant and the deputies. Although a person is not subjected to a Fourth Amendment seizure merely because an officer approaches him and asks a few questions, an encounter of this sort will be considered consensual only so long as a reasonable person would feel free to disregard the police and go about his business. Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). The events following the delivery of the citation in the present case did not amount to a consensual encounter because the trial court found that a reasonable person in the appellant’s position would not have considered himself free to leave once the citation was delivered to him.
Because the search in this case was the product of an illegal detention of the appellant, the trial court erred in denying the appellant’s motion to suppress the evidence. The appellant’s convictions are accordingly reversed, and this case is remanded to the trial court with directions that the appellant be discharged.
BARFIELD and DAVIS, JJ., CONCUR.